### RIGGS & AL. *v.* THATCHER, Sheriff, &c.

No action can be maintained for an escape on mesne process, unless the plaintiff could have maintained the original action against the prisoner. No action lies at the suit of the prosecutor, against the Sheriff, for the escape of a prisoner charged with larceny under *Stat.* 1804. *c.* 143. before conviction : even though the prisoner may have pleaded guilty at his examination before the magistrate.

Case against the Sheriff of *Lincoln* for the negligence of the gaoler, in suffering one accused of larceny to escape.

The declaration states that one *Abraham Pitt,* on the fourth

Riggs & al. *v.* Thatcher.

day of *September* 1816, in the night time, at *Georgetown*, broke and entered the plaintiffs' shop, and therefrom did feloniously steal, take, and carry away two hundred and fifty dollars in current bank bills and specie being the property of the plaintiffs ;—that the plaintiffs thereupon in order to bring said *Pitt* to justice, and recover their said property, on the seventh day of the same *September* at *Bath*, in said county, on complaint under oath, procured a warrant to be issued in due form of law from *D. S.* Esquire, one, &c. directed to the Sheriff, &c. whereon said *Pitt*, on the ninth day of said *September*, was apprehended by *N. A.* one of the deputies of said Sheriff, and carried before the same Justice, and being put to plead to said complaint, pleaded that he was guilty of the matters therein alleged against him;—that being ordered to recognize for his appearance at the next Supreme Judicial Court, to answer for the crime aforesaid, and refusing so to recognize, he was committed to the county gaol, into the hands and custody of *W. B.* deputy gaoler under the defendant;—that at the next Supreme Judicial Court an indictment was found by the Grand Jury against said *Pitt* for the crime aforesaid. And the plaintiffs aver that said *Pitt* was indeed guilty of stealing, taking and carrying away the property of the plaintiffs as aforesaid;— that on trial he would have been convicted thereof;—and their debt secured to them ; together with a recompense, which would have been ordered and awarded them for their time, trouble and expense, in aiding and procuring said conviction. Yet the said *W. B.* by neglect of the duties of his said office, on, &c. suffered the said *Pitt* to escape out of said gaol and go at large, and he has never since been apprehended ;—whereby the plaintiffs have lost their property and expenses aforesaid, &c.

A verdict being returned in this action for the plaintiffs, the defendant moved in arrest of judgment,

1—That by the declaration it appears that the said *Pitt* had not been convicted of the offence for which he was committed to prison.

2—That by the declaration it further appears that the plaintiffs have no cause of action against the defendant.

*S. E. Smith*, in support of the motion.

No instance can be found in the books, of a civil action being

brought against the Sheriff for the escape of a felon. The private injury, in such cases, is merged in the public wrong. Escapes of this kind have without doubt been suffered repeatedly, for centuries ; and the total want of any precedent of a remedy sought by civil action, evidently shews that no such action lay, by the common law. The argument from *non user* is, in this case, of great strength.

If the present action can be supported at all, it lies by force of *Stat.* 1784. *c.* 66. and *Stat.* 1804. *c.* 143. The former of these statutes gave to the party injured treble the value of the goods stolen, as damages. But no damages were awarded by that statute till after conviction. It was a *forfeiture adjudged* upon *conviction.* And by the latter statute the owner of the goods stolen might in certain cases receive the value of his goods, by the services of the thief, but in no case till after *conviction and sentence.* This particular method of remuneration, it is contended, negatives the supposition of any other remedy against the offender ; and as the Legislature have subjected the gaoler to a fine, at the discretion of the Court, for a negligent escape, it is reasonable to presume that they contemplated the existence of no other remedy against him. And this is consistent with the policy of the law, which inclines against enlarging the liability of the Sheriff. 3 *Rep,* 44.

 *Ames,* against the motion.

The statute gives the plaintiffs a right, as between them and the thief ; that by pursuing the course there directed, the party injured may be remunerated by the services of the offender. In the present case the plaintiffs pursued the method which the defendant himself admits to be the only direct mode of private redress, until farther pursuit was rendered fruitless by the escape. It was a legal right, of which no individual could lawfully deprive him ; and if he has suffered damage by the escape, the defendant, and he alone, is bound to answer. 1 *Chitty on Pleading,* 84. *Stat.* 1784. *ch.* 66. 2 *Bac. Abr. Escape D.* 7 *Mass.* 185. If the gaoler is liable to a fine at the discretion of the Court, it does not thence follow that he is liable no farther. The fine is to be regarded as a satisfaction to the public ; and a civil action being permitted to the party grieved, the remedy is thus made commensurate with the wrong.

Riggs & al. *v.* Thatcher.

The fact of the plaintiffs' having sustained damage has been settled by the verdict of the jury.

[*Mellen C. J.* Suppose the person escaped should be retaken, tried and acquitted.]

*Ames.* We cannot ascertain the grounds of the verdict. It is enough that the jury have found damages, though much less than the value of the goods lost. It is true there must be a conviction of the thief, before the plaintiff could be entitled to his services. But the plaintiff had already acquired an inceptive right to those services, by securing the person of the offender, preparatory to his trial and conviction. He had already incurred damage and expense in the pursuit of his right, and would have pursued it to complete effect but for the malfeasance of the deputy ;—and the amount of this damage and expense has been ascertained by the jury.

*Smith*, in reply.

The Statute gives the plaintiffs no right to remuneration until after conviction and sentence to hard labour. Prior to this there is no debt due,—no right vested. *Alexander v. Macauley*, 4 *D. & E.* 611. In escape in civil cases, if no debt be proved, no verdict can pass for the plaintiff ;—and the present action is founded on a mere possibility ; too remote and uncertain to be noticed by the law.

MELLEN C. J. afterwards delivered the opinion of the Court, as follows :

From the facts stated in the declaration, it is contended by the defendant that there appears no cause of action. The case is certainly a novel one ; but this circumstance can afford no answer, provided legal principles can be found to support it.

It is argued by the counsel for the plaintiffs that as it appears that the prisoner, for whose escape this action is brought, when first arrested pleaded guilty before the magistrate ; and as an indictment was afterwards found against him, there was sufficient proof that a conviction would have followed, had not the prisoner, by his escape, avoided a trial :—And that as the defendant, by the neglect of his deputy, deprived the plaintiffs of the power of realizing their right to the services of the prisoner, to which they would have been entitled by the sentence of the

Court against him, he, the defendant, was liable in damages, to the amount of the value of this right or prospect, which the jury have estimated at twenty dollars.

The first reply to this argument is, that though the prisoner pleaded guilty before the magistrate, yet on a trial by jury it might have appeared that this confession was improperly obtained;—by the use either of threats, or persuasions, of such a nature as would have rendered the confession inadmissible as proof against him.

But another and decisive answer is, that as there was no conviction of the prisoner, no right to his service could possibly accrue to the plaintiffs ; because there could be no sentence without a previous conviction. Such is the language of the statutes which have been cited. It is provided that if a prison-keeper shall, through negligence, suffer any prisoner accused of any crime to escape, he shall pay such fine as the Justices of the Court shall, in their discretion, inflict. This fine is to be disposed of, for the use of the county in which the offence may have been committed. The escape being a public evil, the Sheriff, or rather the prison-keeper, is answerable to the State; but no right is given to any individual, by any Statute provision, to prosecute for the escape of a person charged with a crime, before conviction.

If this suit be compared to an action for the escape of a prisoner committed on mesne process in a civil action, it will throw some light on the question before us, and aid in forming the conclusion whether the plaintiffs have any right, at common law, to maintain the present action. If a plaintiff demand damages against a Sheriff for an escape on mesne process, he must prove a good existing cause of action, at the time of the commitment, against the prisoner who has escaped ; and unless he can establish such a cause of action, and shew that he has actually sustained damage, he can recover none. *Alexander v. Macauley*, 4 *D. & E.* 611. *Gunter v. Cleyton*, 2 *Lev.* 85. No action can be maintained for an escape on mesne process, unless the plaintiff could have maintained the original action against the prisoner. He could not, for instance, *anticipate* a right of action, as by sueing a bond or note before it has become payable ; or a conditional bond before the contingency has happened, and

Barret *v.* Thorndike.

committing the defendant to prison; and then, for the escape of a person committed under such circumstances, sustain a suit against the Sheriff; for in both the cases put, the action would not lie against the original defendant. Now, according to the argument of their counsel, can the plaintiffs' supposed right of action, or rather their right to the service of the prisoner, be more perfect than the right of the plaintiffs in the cases which I have stated? Had the present plaintiffs, at the time they commenced this action, any claim, or shadow of claim, against the prisoner? We think the answer to these questions must be in the negative.

Still the plaintiffs contend that they have lost at least a *prospect*, or *possibility*, for which they are entitled to damages. But the truth is, they have not even lost so much; because the prisoner may still be arrested, tried, and convicted; and the plaintiffs may then, by virtue of the sentence of the Court, realize all those advantages, and obtain all that compensation, for the supposed loss of which they are seeking damages in the present action.

Without pursuing the argument any farther, we are all of opinion that the action cannot be maintained. We know of no principles which can sanction it—and therefore

*Judgment is arrested.*